UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. H-12-25 |
| | § | |
| CHARLES CANNON | § | |
| MICHAEL McLAUGHLIN | § | |
| BRIAN KERSTETTER | § | |
| | § | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

COMES NOW the United States of America, by Thomas E. Perez, Assistant Attorney General, Department of Justice, Civil Rights Division, and Saeed A. Mody, Trial Attorney, and respectfully requests that the Court include in its charge to the jury the following proposed instructions. The United States requests leave to supplement these requested instructions, as may be necessary.

### I. PATTERN JURY INSTRUCTIONS

The United States respectfully requests that the Court include in its charge to the jury the following pattern instructions from the Fifth Circuit Criminal Jury Instructions (2001):

**A.   General Instructions**

1.01   PRELIMINARY INSTRUCTION;

1.02   NOTE-TAKING BY JURORS;

1.03   INTRODUCTION TO FINAL INSTRUCTIONS;

1.04   DUTY TO FOLLOW INSTRUCTIONS;

1.05   PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT;

1.06 EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE;

1.07 EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL (with Alternative B);

1.08 CREDIBILITY OF WITNESSES;

1.09 CHARACTER EVIDENCE (if applicable);

1.10 IMPEACHMENT BY PRIOR INCONSISTENCIES (if applicable);

1.12 IMPEACHMENT BY PRIOR CONVICTION (WITNESS OTHER THAN DEFENDANT);

1.15 ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT

1.17 EXPERT WITNESS;

1.18 ON OR ABOUT;

1.19 CAUTION—CONSIDER ONLY CRIME CHARGED;

1.20 CAUTION—PUNISHMENT;

1.22 MULTIPLE DEFENDANTS—SINGLE COUNT;

1.24 DUTY TO DELIBERATE—VERDICT FORM;

1.37 "KNOWINGLY"—TO ACT;

1.42 CAUTIONARY INSTRUCTION – TRANSCRIPT OF TAPE RECORDED CONVERSATION

2.06 AIDING AND ABETTING

## II.     NON-PATTERN JURY INSTRUCTIONS

The United States respectfully requests that the Court include in its charge to the jury the following non-pattern instructions concerning the offenses charged in this case and other matters:

### A.     General Instructions

### UNITED STATES' PROPOSED INSTRUCTION NO. 1

### INDICTMENT: "AND" MEANS "OR"

You will notice that, from time to time, the indictment alleges that a statute was violated by various acts, when reading the indictment, you should keep in mind that "and" means "or."

_____

**Authority:**

Griffin v. United States, 502 U.S. 46, 50-51 (1991) (reviewing case law from the United States as well as English common law and noting that it is a longstanding "practice for prosecutors to charge conjunctively, in one count, the various means of committing a statutory offense, in order to avoid the pitfalls of duplicitous pleading.").

United States v. Morales-Martinez, 496 F.3d 356, 358 (5th Cir. 2007) (holding that "[a] disjunctive statute may be pleaded conjunctively and proven disjunctively . . . This fact was confirmed by the jury instructions which stated that the jury could convict . . . in the disjunctive.") (internal citations, quotations, and alterations omitted).

United States v. Johnson, 87 F.3d 133, 136 & n.2 (5th Cir. 1996) ("[A] disjunctive statute may be pleaded conjunctively and proved disjunctively.  Thus, even though the indictment here charged [the defendant] with 'using and carrying a firearm,' the district court properly charged the jury that [the defendant] may be convicted if he 'used or carried' a firearm.") (internal citations and quotations omitted).

United States v. Fagan, 4 F.3d 991 (5th Cir. 1993) ("[the defendant] also argues that the indictment against him was constructively amended by the district court's use of disjunctive language in the jury charge . . . A disjunctive statute may be pleaded in the conjunctive and proved in the disjunctive) (unpublished table opinion).

## UNITED STATES' PROPOSED INSTRUCTION NO. 2

## ATTORNEYS INTERVIEWING WITNESSES

It is proper for an attorney to interview any witness in preparation for trial.

_____

**Authority:**

Seventh Circuit Criminal Pattern Jury Instructions, 1.07.

**B.**     **Offense Instructions**

## UNITED STATES' PROPOSED INSTRUCTION NO. 3

## COUNT ONE: Hate Crime - 18 U.S.C. § 249

Title 18, United States Code, Section 249 makes it a crime for anyone to willfully cause bodily injury to a person, because of the actual or perceived race, color, or national origin of that person.

In order for the defendants to be found guilty of this charge, the United States must prove each of the following two elements beyond a reasonable doubt:

One, the defendant acted willfully to cause bodily injury to a person, namely Y.J.; and

Two, the defendant acted because of the actual or perceived race, color, or national origin of that person – that is, Y.J. who was or was perceived to be African-American.

If all of the elements have been proved beyond a reasonable doubt as to CHARLES CANNON, then you must find CHARLES CANNON guilty of the crime charged; otherwise you must find CHARLES CANNON not guilty of this crime.

If all of the elements have been proved beyond a reasonable doubt as to MICHAEL MCLAUGHLIN, then you must find MICHAEL MCLAUGHLIN guilty of the crime charged; otherwise you must find MICHAEL MCLAUGHLIN not guilty of this crime.

If all of the elements have been proved beyond a reasonable doubt as to BRIAN KERSTETTER, then you must find BRIAN KERSTETTER guilty of the crime charged; otherwise you must find BRIAN KERSTETTER not guilty of this crime.

---

**Authority**:

18 U.S.C. § 249(a)(1)

## UNITED STATES' PROPOSED INSTRUCTION NO. 4
## "WILLFULLY" DEFINED – 18 U.S.C. § 249(a)(1)

A defendant acts willfully if he acts voluntarily and intentionally, with the intent to do something the law forbids – that is, with the bad purpose to disobey or disregard the law. The United States is not required to prove that the defendant was aware of the specific law that his conduct might violate. The United States also need not show that the acts of the defendant were premeditated or of a long duration.

A defendant's intent is his or her state of mind. Intent can be proven by circumstantial evidence. In determining what a defendant intended, you may consider any statement made or any acts done or omitted by that defendant. You may also consider all the attendant circumstances of the case, that is, all other facts and circumstances received in evidence which may aid in your determination of the defendant's intent.

_____

**Authority:**

Bryan v. United States, 524 U.S. 184, 191-193 (1998)

## UNITED STATES' PROPOSED INSTRUCTION NO. 5
## "BODILY INJURY" DEFINED – 18 U.S.C. § 249(a)(1)

Bodily injury means any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary. Bodily injury does not include solely emotional or psychological harm to the victim.

_____

**Authority:**

18 U.S.C. § 249(c)(1)

18 U.S.C. § 1365(h)(4)

# UNITED STATES' PROPOSED INSTRUCTION NO. 6
# "BECAUSE OF THE ACTUAL OR PERCEIVED RACE, COLOR, OR NATIONAL ORIGIN" DEFINED – 18 U.S.C. § 249(a)(1)

The United States must prove beyond a reasonable doubt that a person's actual or perceived race, color, or national origin was a motivating factor for the defendant's actions. Here, it is alleged that the actual or perceived race, color, or national origin of Y.J. was a motivating factor for the defendants.

It does not matter if you also find that the defendant had additional reasons for doing what he did. The United States is not required to prove that the victim's actual or perceived race, color, or national origin was the sole motivating factor for the defendant's actions. The presence of other reasons does not make his conduct any less a violation of the law, as long as a motivating factor for the defendant was the actual or perceived race, color, or national origin of the victim.

_____

**Authority:**

United States v. Johns, 615 F.2d 672, 675 (5th Cir. 1980) (rejecting a sufficiency of the evidence challenge to §§ 3631 and 245 convictions) ("The presence of other motives, given the existence of the defendants' motive to end interracial cohabitation, does not make their conduct any less a violation of 42 U.S.C. § 3631").

United States v. Craft, 484 F.3d 922, 926 (7th Cir. 2007) (in § 3631 prosecution, "[t]he government was not required to prove, however, that racial animus was Craft's sole motivation in setting the fire").

United States v. Bledsoe, 728 F.2d 1094, 1097-98 (8th Cir. 1984) (fact that defendants may have been motivated by another factor is not a defense if race is also a factor).

United States v. Hartbarger, 148 F.3d 777, 784 n.6 (7th Cir. 1998), *overruled on other grounds by*, United States v. Colvin, 353 F.3d 569 (7th Cir. 2003), ("Even if the jury believed that defendants were retaliating against [one of the victims] because of the alleged confrontation,

having more than one motive does not change the fact that they had the specific intent to use a racially charged symbol to frighten and intimidate [the victims] and to interfere with their enjoyment of their right to fair housing.").

United States v. Johnstone, 107 F.3d 200, 209 (3d Cir. 1997) (approving instruction:"Nor does it matter that a defendant may have also been motivated by hatred, anger or revenge, or some other emotion, provided that the specific intent which I have described to you is present.").

## C. CONCLUSION

For the reasons stated herein, the Government respectfully requests that the Court deny the defendant's Motion to Exclude Tattoo Evidence.

                                                    Respectfully submitted,

                                                    THOMAS PEREZ
                                                    Assistant Attorney General

                                           By <u>/s/ Saeed A. Mody</u>
                                                    SAEED A. MODY
                                                    Trial Attorney
                                                    NY Bar No. 4368080
                                                    Department of Justice
                                                    601 D St., NW
                                                    Washington, DC 20530
                                                    Ph. 202.514.5107
                                                    Fax. 202.514.8336

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd of April 2012, I electronically filed the Government's Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

1. Gus Saiper, Attorney for Charles Cannon
2. Richard Kuniansky, Attorney for Michael McLaughlin
3. Mervyn Mosbacker, Jr., Attorney for Brian Kerstetter

/s/ Saeed A. Mody
SAEED A. MODY
Trial Attorney
