UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-12-25 |
| | § | |
| CHARLES CANNON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## INSTRUCTIONS TO THE JURY

The following instructions were presented to the jury on the 13th day of April, 2012.

Signed this 13th day of April, 2012.

Kenneth M. Hoyt
United States District Judge

# INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

# DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## EVIDENCE--EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis,

however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### EVIDENCE--INFERENCES--DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of

events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence.

This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than

on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTION
## (WITNESS OTHER THAN DEFENDANT)

You have been told that Yondell Johnson was convicted aggravated robbery. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## ACCOMPLICE--CO-DEFENDANT--PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into an agreement providing for the dismissal of the charge. Such an agreement or bargain as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

## EXPERT WITNESS

During the trial you heard the testimony of Deputy Michael Squyres, who has expressed opinions concerning tattoos and their meanings. If specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as such weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

## CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION--PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS--SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

## "KNOWINGLY" -- TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## "WILLFULLY" -- TO ACT

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

## HATE CRIME 18 U.S.C §249

Title 18, United States Code, Section 249 makes it a crime for anyone to willfully cause bodily injury to a person, because of the actual or perceived race, color, or national origin of that person.

In order for the defendants to be found guilty of this charge, the United States must prove each of the following two elements beyond a reasonable doubt:

One, the defendant acted willfully to cause bodily injury to a person, namely Yondell Johnson; and

Two, the defendant acted because of the actual or perceived race, color, or national origin of that person – that is, Yondell Johnson who was or was perceived to be African-American.

If all of the elements have been proved beyond a reasonable doubt as to CHARLES CANNON, then you must find CHARLES CANNON guilty of the crime charged; otherwise you must find CHARLES CANNON not guilty of this crime.

If all of the elements have been proved beyond a reasonable doubt as to MICHAEL MCLAUGHLIN, then you must find MICHAEL MCLAUGHLIN guilty of the crime charged; otherwise you must find MICHAEL MCLAUGHLIN not guilty of this crime.

If all of the elements have been proved beyond a reasonable doubt as to BRIAN KERSTETTER, then you must find BRIAN KERSTETTER guilty of the crime charged; otherwise you must find BRIAN KERSTETTER not guilty of this crime.

The United States must prove beyond a reasonable doubt that a person's actual or perceived race, color, or national origin was a motivating factor for the defendant's actions. Here, it is alleged that the actual or perceived race, color, or national origin of Yondell Johnson was a motivating factor for the defendants.

It does not matter if you also find that the defendant had additional reasons for doing what he did. The United States is not required to prove that the victim's actual or perceived race, color, or national origin was the sole motivating factor for the defendant's actions. The presence of other reasons does not make his conduct any less a violation of the law, as long as a motivating factor for the defendant was the actual or perceived race, color, or national origin of the victim.

Bodily injury means any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary. Bodily injury does not include solely emotional or psychological harm to the victim.

# AIDING AND ABETTING (AGENCY)
## 18 U.S.C. § 2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of a hate crime was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant willfully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## SELF-DEFENSE INSTRUCTION

There has been evidence introduced that the defendant acted in self-defense. The law recognizes the right of a person who is not the aggressor to stand his ground and use force to defend himself or another. However, he may use only such force as is reasonably necessary to defend himself or another person against the imminent use of unlawful force.

You are reminded that the burden of proof remains at all times on the government and that the defendant need not call any witnesses, nor offer any evidence. Thus, before you may convict, you must find beyond a reasonable doubt that the government has satisfied its burden of proving that the defendant did not act in self-defense or in defense of another. Therefore, if you have a reasonable doubt whether or not the defendant acted in self-defense or in defense of another, your verdict must be not guilty.

# DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.